# TURNBULL *v.* CURTIS.

PATENTS; INTERFERENCE; CONCEPTION; DILIGENCE.

1. The burden of proof upon the party to an interference who was the last to file an application is greatly increased by concurrent decisions of the several tribunals of the Patent Office in favor of his opponent.

2. Where the testimony of a party to an interference, as to the date of his conception, is clearly corroborated by a witness whose intelligence and capacity to understand and explain a disclosure which was made to him are apparent, and who, although he is deeply interested in the result, is unimpeached; and where the surrounding circumstances tend to support the claim of such party to the date of conception alleged, and none are inconsistent with it,—there is sufficient evidence to support his claim.

3. Where the testimony in an interference case shows that, during more than three years of inaction, one of the parties applied for six patents for other inventions, and that, while poor, he had available means to make an application for a patent for the invention in controversy; and it does not appear that he was working upon some closely related device, under conditions that excused delay; while it does appear that the real ground of delay, as shown by his own evidence, was that it was to his interest to hold his application until he could make an advantageous arrangement with some capitalist for the exploitation of the invention,—he will be held to have lost the benefit of an earlier conception than that of his adversary, by his failure to exercise diligence in perfecting his invention at the time his rival entered the field. (Distinguishing *McCormick* v. *Cleal,* 12 App. D. C. 335, and *Christensen* v. *Ellis,* 17 App. D. C. 498; and following *Wyman* v. *Donnelly,* 21 App. D. C. 81, and *Seeberger* v. *Dodge,* 24 App. D. C. 476.)

No. 354.  Patent Appeals.  Submitted May 10, 1906.  Decided May 21, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.            *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. L. S. Bacon, Mr. Charles W. Hills,* and *Messrs. Bacon & Milans* for the appellant.

*Mr. H. N. Low* and *Messrs. Munday, Evarts, & Adcock* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an interference proceeding between two independent inventors claiming priority of invention of a machine for slitting metal preparatory to its expansion.

Louis E. Curtis, the appellee, filed this application September 23, 1901. George A. Turnbull, the appellant, filed September 28, 1903, continuing a former application filed February 15, 1902.

The declaration of interference between these applications recites the following issue in five counts:

"1. In a machine of the class described, a plurality of pairs of cutting rolls and coacting, independently removable means on each pair of cutting rolls adapted to slit a sheet of metal into a plurality of relatively short slits, the knives on each pair of said rolls forming slits alternating with those formed by the knives on the other pair.

"2. In a machine of the class described, the combination, with a frame, of a plurality of pairs of coacting rolls journalled thereon, means arranged on said rolls equidistant apart and adapted to cut a sheet of metal into a plurality of short slits arranged staggering with each other and a uniform distance apart, each of said pairs of rolls forming half of said slits.

"3. The sheet metal slitting machine wherein are combined two pairs of slitting rolls arranged one in advance of the other, said rolls being adapted to slit the sheet without bending the

metal, and each roll being provided with a series of cutters extending the entire width of the sheet, and each pair of rolls forming slits in rows alternating with the slits formed by the cutters of the other pair.

"4. The sheet metal slitting machine wherein are combined two pairs of slitting rolls, one pair in advance of the other pair, and both provided with notched cutters extending the entire width of the sheet, and so arranged that the rows of slits formed by one pair alternate with the rows formed by the other pair, and so the slits in the different rows break joints, said cutters being also adapted to slit the sheet without bending the metal.

"5. The sheet metal slitting machine wherein are combined two pairs of slitting rolls arranged one pair in advance of the other, and both provided with notched cutters whose thickness equals the width of two strands of the slitted sheet, said cutters being arranged so the rows of slits cut by one pair of rolls alternate with the rows of slits cut by the other pair, and being adapted to cut the sheet without bending the metal."

Curtis's preliminary statement alleged conception and disclosure on October 15, 1900. That of Turnbull alleged conception and disclosure in August, 1897; construction of model December 1, 1901; and reduction to practice in April, 1902.

The Examiner of Interferences awarded priority to Curtis upon all five counts of the issue. The Examiners-in-Chief affirmed the decision as to counts 2, 3, 4, and 5, and reversed it as to count 1. They also called the attention of the Commissioner, as permitted in Rule 126, to the fact that Curtis had no right to make a claim to count 1.

Curtis took no appeal, and his claim to count 1 is therefore settled against him.

Turnbull appealed to the Commissioner, who affirmed the decision of the Examiners-in-Chief.

The burden of establishing priority, imposed upon Turnbull as the last to file application, has, under the settled rule, been greatly increased by the concurring decisions of the several tribunals of the Patent Office in favor of his opponent.

These tribunals concurred in finding that Turnbull conceived .the invention of the issue about the date alleged, namely, August,

1897, and the fact is conceded by Curtis. They also concurred in finding that Curtis conceived it late in the fall of 1900. Error is assigned by the appellant on this finding, and he contends that Curtis must be confined to the date of his application for conception and disclosure, because there is not sufficient evidence of an earlier date. The importance of establishing the earlier date lies in this, that the decision against Turnbull was founded on the further conclusion that he was not exercising diligence in perfecting his invention when Curtis entered the field.

As the decisions in the record show the grounds for awarding the earlier date of conception, it is sufficient to say that Curtis's evidence on the point was clearly corroborated by the witness Bradford, whose intelligence and capacity to understand and explain the disclosure made by Curtis are apparent. Although deeply interested in the result, he stands unimpeached. The few surrounding circumstances that shed any light upon the question tend to support Curtis's claim to the earlier date; and none are inconsistent with it. We would not be justified, therefore, in sustaining the contention.

It remains to consider whether it was error to hold that Turnbull lost the benefit of his earlier conception because he was not exercising diligence in perfecting his invention at the time that Curtis entered the field. In this conclusion, also, all of the Patent Office tribunals have agreed.

As the evidence has been fully reviewed, both in the decision of the Examiner of Interferences and of the Commissioner, it is unnecessary to repeat it. It shows, substantially, that during his more than three years of inaction, Turnbull applied for six patents for other invention, and that, while poor, he had the available means to make an application for this one. It does not appear that his delay was due to the fact that he was laboring upon some closely related device, under conditions that excused that delay, as in the cases of *McCormick* v. *Cleal*, 12 App. D. C. 335; *Christensen* v. *Ellis*, 17 App. D. C. 498, and some others that are analogous. The real ground of delay, as disclosed by his own evidence, was that he thought it to his interest to withold his application until he might be able to

make an advantageous arrangement with some person of large capital for the exploitation of the invention. Such an excuse is insufficient. See *Berger* v. *Dodge,* 24 App. D. C. 476, 485; *Wyman* v. *Donnelly,* 21 App. D. C. 81, 87.

It follows that the decision appealed from must be affirmed. It is so ordered, and, further, that this decision and the proceedings in this court be certified to the Commissioner of Patents.                                    *Affirmed.*